Scofield, J.,
delivered the opinion of the court:
October 26, 1878, the claimant was arraigned before a court-martial and tried upon two charges of drunkenness, to wit: I. Habitual drunkenness, to the prejudice of good order and military discipline.” 2. “ Drunkenness on duty.” To this latter charge there was but one specification. As the court found the claimant not guilty either of the specification or the charge, both may be dismissed from further consideration.
Under the other charge are seven specifications, each containing an allegation of drunkenness or intoxication. On five of these specifications the claimant is found guilty, on the other two not guilty. According to these findings the claimant was (1) drunk on February 1, 1878; (3) May 29, 1878, he “ was so much under the influence of intoxicating liquor as to necessitate his being taken to the post hospital for treatment;” (5) July 10,1878, he“ was drunk”; (6) July 11,'1878, he “ was drunk;” (7) from April 26, 1878, until June 3, 1878, he “ was so much under the influence of intoxicating liquor as to be unfit for duty.”
*408 Upon the charge itself the finding is as follows :
“ Of the charge, not guilty, but guilty of conduct prejudicial to good order and military discipline.”
Upon this finding the court sentenced the claimant “ to be suspended from rank and command for two years, and to forfeit all his pay for that period excepting $100 i>er month.” The sentence was duly approved by General Ord, the officer who ordered the court-martial, with the remark that, “ in his opinion, the charge as originally drawn is sustained by the findings of the court on the seventh specification.”
In substance the court-martial finds that these facts do not constitute “ habitual drunkenness,” but only the milder offense of u conduct to the prejudice of good order and military discipline.”
November 7, 1879, the unexecuted part of the sentence was remitted.
By reason of the sentence the pay of the claimant was withheld, amounting in all to $2,370.31.
The claimant alleges that the sentence was illegal and void, for the reason that he was acquitted of the offense with which he was charged and convicted of an offense with which he was not charged. The offense of which he was convicted, as appears by the specifications, was embraced in the one with which he was charged. It was a lesser offense of the same character, and authorized by the sixty-second article of war (Bev. .3tat., p. 336).
The case is very similar to Dynes v. Hoover (20 Howard, 65). In that case the record stood as follows:
“ Charge. — Desertion.
“ Specification. — In this, that on or about September 12, 1854, said Dynes deserted,” &c.
Court-martial found as follows:
“ Of the specification of the charge, guilty of attempting to desert; of the charge, not guilty of deserting, but guilty of attempting to desert.”
Sentence of imprisonment was pronounced upon this finding.
In the Supreme Court it was urged against this sentence that u the finding was coram non judiee, it being for an offense with which the plaintiff was never charged.” To this objection the Supreme Court says:
*409 “The finding of the court against the prisoner was what is known in the administration of criminal law as a partial verdict, in which the accused is acquitted of a part of the accusation against him and found guilty of the residue. As when there is an acquittal on one count and a verdict of guilty on another, or when the charge is a higher degree, including one of a lesser, there may be a finding, by a partied verdict, of the latter. As upon a charge of burglary, there may be a conviction of larceny and an acquittal of the nocturnal entry. So upon an indictment for murder there may be a verdict of manslaughter, and robbery may be reduced to simple larceny, and a battery into an assault.”
Again, in the same case, the court says:
“ If a sentence be confirmed, it becomes final and must be executed, unless the President pardons the offender. It is in the nature of an appeal to the officer ordering the court, who is made by the law the arbiter of the legality and propriety of the court’s sentence. When confirmed, it is altogether beyond the jurisdiction or inquiry of any civil tribunal whatever, unless it shall be in a case in which the court had not jurisdiction over the subject-matter or charge, or one in which, having jurisdiction over the subject-matter, it has failed to observe the rules prescribed by the statute for its exercise.”
Again, in the case of Ex parte Reed (100 U. S. R., 13), the Supreme Court says:
“ Here there was no defect of jurisdiction as to anything that was done. Beyond this we need not look into the record. Whatever was done that the court could do under any circumstances we must presume was properly done. If the error was committed in the rightful exercise of authority, we cannot correct it.”
That the court-martial had jurisdiction of the case at bar is not denied, and it does not appear that any “ rule prescribed by the statutes for its exercise” has been violated.
The irregularity in the case of Dynes was certainly as noticeable as in the one on trial. The charge was desertion, the specification desertion at a particular time. The finding was against both the specification and charge, but set out another offense, viz, an attempt to desert; yet the Supreme Court held that the findings sustained the sentence.
These decisions of the Supreme Court rule this case. The claimant’s petition must be dismissed.